## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JULIUS RAWLS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 5:22-CV-171-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **TIMOTHY WARD,** *et al.,* | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| **Defendant** | : | |

_____

## ORDER

*Pro se* Plaintiff Julius Rawls, a prisoner at the Wilcox State Prison in Abbeville, Georgia filed a civil rights complaint brought under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the statutory provision that he pay a partial initial filing fee (ECF No. 4). That partial initial filing fee has been paid.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Plaintiff's statement of claim in this case is replete with references to his nearly fifty (50) pages of exhibits and attachments rather than simply making factual allegations against the Defendants. Thus, Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint filed in this Court to set forth "a short and plain

statement of the claim showing that the pleader is entitled to relief."   Stated more precisely, "[e]ach allegation must be simple, concise, and direct".   *Id*.   Referencing attachments and exhibits rather than presenting concise factual allegations, as the Plaintiff has done in this instance, is a wholly unacceptable method of presenting a claim.   *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").   If Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form setting forward his allegations in compliance with the Federal Rules of Civil Procedure.

It is unclear why Plaintiff has named Defendants Commissioner Timothy Ward and Warden Lawrence Whittington as Defendants in this action.   There are no allegations whatsoever to implicate either of these Defendant in a violation of Plaintiff's constitutional rights.   A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation.   *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397,

2

401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the supervisory roles of the Commissioner of the Georgia Department of Corrections, the Warden, and any other supervisors, then his complaint fails to state a claim.   Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.   *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010).   *See also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Because Plaintiff is proceeding pro se, the Court must afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").   Therefore, Plaintiff is

required to submit an amended complaint if he wishes to proceed with his claims.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.   It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's role in the unconstitutional conduct? Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?   *What* did this defendant do (or not do) in response to this knowledge?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal

terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   ***Additionally, Plaintiff is not to include any exhibits or attachments.   The complaint must be no longer than ten (10) pages.***

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint.   Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint.   The Court will not consider those facts contained in Plaintiff's original complaint.   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   Plaintiff must also rename each Defendant he wishes to sue as directed by the Court's standard § 1983 complaint form.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

## CONCLUSION

If Plaintiff wishes to proceed with this action, then he is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form amending his complaint as instructed. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast complaint.   Furthermore, while this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form to Plaintiff for use in recasting his complaint.

There will be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 24th day of June, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

6