IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JULIUS RAWLS, | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:22-cv-00171-MTT-CHW |
| VS. | : | |
| | : | |
| DR. FRANCESCA OSEGBUE,[1] | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendant | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Julius Rawls, a prisoner incarcerated at Wilcox State Prison in Abbeville, Georgia filed the above-captioned 42 U.S.C. § 1983 claim. ECF No. 1. Plaintiff was ordered to recast his complaint. ECF No. 5. Plaintiff has filed his amended complaint. ECF No. 8. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) which was granted with the provision that Plaintiff pay the statutory partial initial filing fee (ECF No. 4). Plaintiff has paid the fee. This case is now ripe for preliminary review. Upon such a review, Plaintiff may proceed with his deliberate indifference to a serious medical need claim against the Defendant for further factual development.

---

[1] Plaintiff has amended his complaint. ECF No. 8. In his amended complaint, Plaintiff removes Commissioner Timothy Ward, Warden Lawrence Whittington, and Medical Director Ann Bowens as Defendants. *Id*. at 1 and 4. Therefore, the Clerk's office is **DIRECTED** to remove Commissioner Timothy Ward, Warden Lawrence Whittington, and Medical Director Ann Bowens as Defendants in this civil action.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

    I.    <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim

2

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.     Plaintiff's Allegations

Plaintiff has been a prisoner at Wilcox State Prison since August 2006. ECF No. 8 at 4.[2] He states that Dr. Francesca Osegbue has been a physician at Wilcox State Prison

---

[2] The Amended Complaint is the operative pleading in this action. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint).

from at least November 2020 to the present. *Id*. at 4-5. At some point during this time frame, Plaintiff was diagnosed with a skin condition. *Id*. at 5. Plaintiff avers that the Dermatologist advised Defendant Dr. Osegbue to order a certain medication to treat the Plaintiff's condition. *Id*. Plaintiff claims that the Defendant did not order the medication but instead prescribed a medication to which Plaintiff was allergic. *Id*. Plaintiff states that his condition then worsened. *Id*. Plaintiff was subsequently taken to Augusta Medical State Prison where his condition continued to worsen. *Id*. Plaintiff states that "[a]fter trying to explain to Dr. Osegbue that [his] condition wasn't getting any better Dr. Osegbue refused to seek other remedies to try to help [his] condition to get better". *Id*. Plaintiff complains the "medical indifference" of the Defendant "has caused serious disfigurement and scarring all over Plaintiff's body". ECF No. 1 at 5. Plaintiff requests that "this Court hold the Defendant liable because of [his] health being ruined" [3] and he seeks injunctive relief. ECF No. 8 at 7.

### III.   Plaintiff's Claims

"It is well settled that the 'deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment.'" *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

---

[3] Plaintiff is advised that his ambiguous request for relief leaves open the question of whether he merely seeks injunctive relief or whether he also seeks damages.

4

Amendment.'" *Id*. (quoting *Estelle*, 429 U.S. at 105). To state a deliberate indifference to serious medical needs claim under the Eighth Amendment, "a plaintiff 'must satisfy both an objective and a subjective inquiry.'" *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (quoting *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). The objective inquiry may be met by showing an "objectively serious medical need," and the subjective inquiry may be met by showing "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) and *McElligott,* 182 F.3d at 1254 and *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243. An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no

treatment at all." *Id.* A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.*

Plaintiff alleges that the course of treatment administered by the Defendant for his skin condition has led to "serious disfigurement and scarring all over Plaintiff's body". ECF No. 1 at 5. These allegations are arguably sufficient to show a serious medical need at this stage in the litigation. Furthermore, the Plaintiff claims that a Dermatologist recommended a course of treatment that the Defendant refused to follow and that, instead, Defendant prescribed a medication that worsened his condition. ECF No. 8 at 5. He further alleges that the Defendant refuses to seek other remedies to "help [his] condition to get better". *Id*. At this stage in the litigation and considering the liberal construction the complaint must be afforded, the claim shall go forward against the Defendant for further factual development. *See e.g. Rhiner v. Sec'y, Fla. Dep't of Corrs.*, 696 F. App'x, 930 (11th Cir. 2017) (per curiam) (finding allegations that medical staff was aware of serious medical need and "failed to act" sufficient to state Eighth Amendment claim); *Adams v. Poag,* 61 F.3d 1537, 1543-44 (11th Cir. 1995) (citing *Carswell v. Bay Cty.*, 854 F.2d 454, 457 (11th Cir. 1988)).

## ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendant Dr. Francesca Osegbue, it is accordingly **ORDERED** that service be made on this Defendant and that she file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party

and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and DIRECTED**, this 3rd day of October, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge